I respectfully dissent.
The majority holds that FMC's act of repossessing and retaining the automobile and the personal property therein was not done in known violation of the law or of the owner's rights since FMC was relying on the terms of the contract. The act of conversion, however, did not occur when FMC took the property. Rather, the actionable conversion arose when FMC wrongfully detained the property after the Crabtrees demanded that the property be returned.
The question, then, is whether there was evidence from which the jury could have determined that FMC's act of conversion was done willfully and knowingly so as to justify an award of punitive damages. The majority agrees with the trial court and holds, as a matter of law, that since FMC held the personal property pursuant to the terms of FMC contract with the Crabtrees, its refusal to return the property could not be knowing or willful.
I disagree. The jury must determine whether FMC's actions were a knowing and intentional violation of the Crabtrees' legal *Page 1164 
rights, or were accomplished in disregard of them. U-Haul Co.of Alabama v. Long, 382 So.2d 545 (Ala. 1980). If there is evidence from which the jury could have reasonably concluded that FMC knowingly violated the law and the Crabtrees' rights, then the jury has the discretion to award punitive damages. RayHughes Chevrolet, Inc. v. Gordon, supra. The intentional, willful and knowing violation of the law and of a plaintiff's rights in and of itself constitutes legal insult, contumely and malice, and authorizes the jury in its discretion to award punitive damages. Richard M. Kelley Chevrolet Co. v. Seibold,supra.
I find there is evidence in the record from which the jury could have reasonably concluded that FMC's actions were knowing and willful. The evidence clearly indicates that the Crabtrees demanded the return of their property, both orally and in writing. However, once the demand was made, FMC failed to return the property. FMC admitted that most of the property was stored in its Huntsville office, some seventy-five miles from the Crabtrees' home. The Crabtrees though, were not required to subject themselves to the expense and inconvenience of traveling to FMC's office to retrieve their property once the demand had been made. Russell-Vaughn Ford, Inc. v. Rouse,281 Ala. 567, 206 So.2d 371 (1968).
I find this evidence was sufficient to present to the jury the question of whether FMC knowingly converted the property or, alternatively, converted the property in the mistaken belief that it had a right to the property under the contract. I believe the trial court erred in finding, as a matter of law, that FMC's reliance on the contract precluded the act of conversion from being committed willfully or knowingly. I would hold that the trial court erred in granting FMC's motion for a JNOV.